Gaston, J.
 

 The record states that, at the August Term, 1839, of the County Court of Lincoln, Thomas Wilson, a processioner of said county, returned a report to the court, that on the 8th of August, 1839, he had been previously called upon by David Carpenter “ to procession a tract cf land lying on the waters of the Suck Fork of Buffalo Creek, adjoining lands of Anderson Matthews, William Whitworth, Martin Hoyle and others, containing 150 acres of land originally granted to John Caruth, by patent, dated the 20th of December, 1796, and conveyed to the said Carpenter, as by records will more fully appear;” that he commenced “ata Post Oak, the beginning corner of said tract, and ran thence
 
 *205
 
 South 176 poles to a stake, thence with William Whitworth’s line of a deed made to the said Whitworth by William Kil-liam, bearing date the 2d of March, 1790, thence East ninety-seven and a half poles,” when William Whitworth forbade him “to ran [any further along said line to go to the stake the third corner of said patent.” It further appears, that thereupon five persons were appointed commissioners to settle said disputed line or lines; that these commissioners, with the processioner, afterwards made a report of their proceedings to the court, and that exceptions were taken thereto, and the report set aside. A new county, Cleaveland, having by an act of the Legislature been erected, and the land in dispute lying within the limits thereof, the cause was then trnsferred to the County Court of Cleaveland, and there, at the August Term, 1841, it was ordered, that a new jury be summoned to go upon the premises with the procession-er, naming five persons, and Jacob Conner processioner. — ■ To the January Term, 1842, the said processioner and commissioners, or jury, made their report; wherein is set forth a plat of the lines run, and thereunder it is stated, that they did meet <! on the 19th of November, at the beginning corner, and were duly sworn and did proceed as follows, beginning at a post-oak, and ran thence South 186 poles to a stake, thence East 46 poles to said William Whitworth’s old corner, thence with Whitworth’s line East 124 poles to a stake, and we here run and marked the said lines, and processioned.as above described.” This report is subscribed by the processioner and commissioners, and upon it is indorsed, but without signatures thereto, “ We the undersigned find the above in favor of David Carpenter.” To this report exceptions were taken on the part of Whitworth, first, for that the jury had disregarded a continued possession by the defendant of more than forty years, which gave him a right to the land at the point where he had stopped the processioner; 2ndly, for that the jury had extended the first line of the patent, which called to run South 150 poles to a post-oak twenty-six poles farthej to a stake, without any proof where the post-oak had stood, and run from the termination of this line, thus improperly extended 46 poles, to what they termed
 
 *206
 
 Whitworth’s line, and thence 124 poles, whereas they should stopped the first line at the distance called for in the plaintiff’s patent, 160 poles, and thence have run East 144 P°les to his next corner, Whitworth’s line, colled for in his patent, not being a well known or marked, but an open line, to be ascertained by survey; and, if this had been done, they would not have reached the point where the proces-sioner was stopped ; and 3dly, because the jury had totally disregarded the calls of the plaintiff’s deed and made new corners, and added oiie call and one line. The record proceeds to state, that, the case coming on to be considered by the court, the exceptions were overruled and judgment rendered that the plaintiff recover his costs from the defendant, and thereupon the defendant appealed to the Superior Court, and, the judgment being there affirmed, the defendant appealed therefrom to this court. The record does not shew how these exceptions were heard below, or upon what ground they were overruled. If it were established or admitted, or we could assume, that the matters of fact alleged in the exceptions were true, we then could determine whether they were valid in law. But they are presented to us merely as the allegations of the party excepting ; they are not admitted, nor is any thing shewn from which we could infer that they were true. Even the calls of the patent or deed, under which the plaintiff claimed, are not set forth, except in the exceptions, and that only partially, so that we cannot see that the commissioners did extend his lines or disregard these calls. We do not know whether Whitworth had the continued possession, or, if he had, under what claim of title he so possessed. We have not, therefore, the means of ascertaining whether the exceptions be or be not well founded, whether the award of the freeholders be right or wrong; and, if nothing else appeared, it would be our duty to affirm the judgment of the Superior Court, simply because of our inability to discover that there is error in it, and of the legal presumption that it is not erroneous. But objections have been taken here by the appellant, which do not appear to have been raised below, and one of these, we think, renders it impossible for us to affirm the judgment.
 

 
 *207
 
 The practice of processioning lands, though recognized in our statutes for more than a century, has ior many been so generally disused, that few oí'the profession or the bench can claim to be familiar with the law respecting it. The express enactments about it may be thus summarily stated. In each county districts are required to be laid off for having processioned the lands of such persons as shall desire it, and, in each district, a person capable of surveying shall be appointed processioner, who shall take an oath for the faithful performance of his duties. The proprietor of any tract, wishingto have it processioned, is required to give a previous notice often days to all the persons having adjoining tracts; the processioner shall moke out, subscribe and return to the County Court, with a copy of the notices, a certificate, in words of full length, for each tract oí land processioned, containing the claimant’s name, the quantity of acres, the corners, and the number of poles contained in each line, and the clerk shall record the certificate.
 

 It is delared that every person, whose land shall be twice processioned, shall be deemed and adjudged the owner of the said land, and, upon any suit commenced for such land, the party in possession may plead the general issue, and give the act in evidence. It is also provided, that where a line is disputed, and the processioner is forbidden by a party interested in the event of the processioning, to proceed further in running and marking the same, it shall be the duty of the processioner to report the same, stating truly all the circumstances oí the case, with the name of the person who forbade the proceedings, to the next County • Court, and the court shall nppoiut five respectable freeholders, to appear with the processioner on the line or lines so disputed, who shall proceed, after being duly sworn by .the processioner or a justice of the peace, to do equal right and justice between the contending parties, to establish such disputed line? or lines as shall appear to them right, and procession the same, and make report of their proceedings to the next court, who-shall cause the same to be recorded. Now it would seem indispensable, where, in the course oí a processioning, a dis
 
 *208
 
 pute arises with one of the persons notified, and the claimant the dispute to be thus decided, that the certificate should set forth enough to shew
 
 thereon
 
 what (he subject of is- — that is lo say, the respective claims and allegations of the contending parties — so that the matter may plainly appear upon which they are at issue. Technical forms are not indeed required, but in the language of the act, “all the circumstances of the case,” which must mean all the things controverted, shall be truly set forth. There will then be constituted between the parties a cause of record, so that when the proceedings therein of the appointed tryors shall be recorded, the decision of the right in contes-tation will appear. It is insisted on the part of the appellant, and as wo think correctly, that this was not done in thekcase before ns. All that the certificate states is, that after the processioner had run from a post-oak, the beginning corner of a tract of 150 acres, originally granted to John Caruth, and by him conveyed to the claimant, South 176 poles to a stake,- he ran then with Whitworth’s line of a deed made to him by William Killiarn, thence East, ninety-seven and an half poles, when Whitworth forbade him to run further along.said line to go to the stake, the third corner of the patent — but why he forbade, and how lar the claimant insisted that the processioner should go — whether the dispute was about the first line, or as to the corner from which the processioner was running or the direction or length of the second line, does not appear upon the certificate. The pleadings of the parties are not made up so as to justify the appointment of the freeholders to try the controversy.
 
 Wilson
 
 v Shuford, 3 Mur. 504.
 

 Upon these principles and the authority of the case referred to, we are of opinion that the order ought to have been quashed, had a motion for that purpose been submitted in apt time by the appellant. After the tedious and expensive proceedings, which have since taken place, it is with reluctance we listen to an objection to the judgment, which should have been presented in the course of' the cause, and at an early period of the litigation. But the defect is so rad
 
 *209
 
 ical, affecting the constitution of the cause in the court below, that we cannot even now disregard it, and therefore must reverse the judgment there rendered with costs to the appellant in this court. But, in analogy to the cases where a judgment is arrested merely, we shall render no judgment
 
 in lieu
 
 of that so reversed. ' The parties will then have to pay each his own costs incurred before, and the appellee may, if he pleases, commence his proceedings
 
 de novo.
 

 Pjer Curiam. Judgment reversed.